BIRDS DRAINAGE DISTRICT OF LAWRENCE AND CRAWFORD COUNTIES, Appellee, *vs.* LEE PINKSTAFF *et al.* Appellants.

*Opinion filed October 28, 1926.*

DRAINAGE—*petition for abandonment under section 44 of the Levee act does not apply to additional work under section 37.* The provision of section 44 of the Levee act that "at any time before the contract for the construction of the proposed work shall have been made" the proper number of land owners may file a petition for abandonment of the work and have the district abolished refers only to the original contract and the original proposed work, and does not apply where the original work has been completed and proceedings are instituted under section 37 for additional work.

APPEAL from the County Court of Lawrence county; the Hon. L. B. FISH, Judge, presiding.

SHAW & HUFFMAN, and McGAUGHEY, TOHILL & McGAUGHEY, for appellants.

GEORGE W. LACKEY, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order of the county court of Lawrence county striking from the files a petition of certain land owners in Birds Drainage District of Lawrence and Crawford counties seeking the abandonment of certain proposed work therein and that the district be abolished. The district was organized in 1910. An original assessment of $40,000 was levied and a system of drains and ditches was built. In July, 1925, the drainage commissioners, under section 37 of the Levee act, filed a petition for authority to construct some new ditches and clean out the old ones at an estimated cost of something over $27,000. The prayer of the petition was granted and an assessment roll was prepared and filed. While a hearing was in process upon the confirmation of the assessment roll the petition herein was filed, purporting to be signed by a majority of adult land owners claiming to own a majority of the lands of the district, praying that the whole system of the proposed work be abandoned and that the district be abolished. On motion this petition was stricken from the files.

This petition was filed under section 44 of the Levee act, which provides that "at any time before the contract for the construction of the proposed work shall have been made, upon presentation to the county court of a petition signed by a majority in number of all the land owners of such district, and owning more than one-half in area of the lands in the district to which the petitioners belong, praying that the whole system of proposed works may be abandoned and the district abolished, the court shall enter upon its record an order granting the prayer of such petition," upon condition that the petitioners pay all court costs within thirty days from the rendition of such order. This section does not apply to additional work in a drainage district. Its provision, "at any time before the contract for the construction of the proposed work shall have been

made," refers only to the original contract and original proposed work and not to any subsequent work proposed to be done. (*Sny Island Drainage District* v. *Shaw*, 252 Ill. 142; *Soran* v. *Union Drainage District*, 215 id. 212.) This being true, the court did not err in striking the petition from the files.

The judgment will be affirmed. *Judgment affirmed.*